UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

JONATHAN SHARROCK,

                                   Plaintiff,                    **COMPLAINT**

      -against-                                                Index No.:

CITY OF NEW YORK, CHRISTOPHER MOTT, Individually,      <u>Jury Trial Demanded</u>
and JOHN and JANE DOE 1 through 10, Individually, (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                   Defendants.

------------------------------------------------------------------------------X

        Plaintiff JONATHAN SHARROCK, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

        1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

        2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

        3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

        4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JONATHAN SHARROCK is a thirty-five-year-old African American resident of the State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants CHRISTOPHER MOTT and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On September 30, 2023, beginning at approximately 4:00 a.m., plaintiff was present at 131-16 Merrick Blvd, Queens, New York, when he observed police activity.

13. After waiting approximately five minutes, plaintiff asked defendant officers to allow him to access his vehicle.

14. After an exchange of words, plaintiff asked for one of the defendant officer's name and badge number.

15. In response, a defendant sergeant ordered that plaintiff be arrested.

16. Plaintiff was unreasonably slammed to the ground, struck, handcuffed, arrested without probable cause, imprisoned in a police vehicle, and then transported to the 113th police precinct.

17. Plaintiff was then transported by ambulance to Jamaica Hospital Medical Center in police custody, where he was diagnosed with injuries, including, without limitation, a subdural hemorrhage along the anterior posterior cerebral falx and layering along the tentorium, a left nasal bone fracture, abrasions to his knees, elbow pain, and headache.

18. Plaintiff was discharged to NYPD police custody but had to return for further treatment at Jamaica Hospital Medical Center in NYPD custody on October 1, 2023.

19. Plaintiff remained imprisoned until he was arraigned in Queens County Criminal Court on October 1, 2023, based on the false allegations sworn to by defendant MOTT.

20. Defendants initiated the prosecution against plaintiff without probable cause and with malice.

21. Plaintiff was released with non-monetary conditions.

22. Defendants created and manufactured false evidence which defendants conveyed

to the Queens County District Attorney's office which used same against plaintiff in the aforementioned legal proceeding, including that plaintiff had purportedly resisted arrest and that he was supposedly disorderly.

23. As a result of the defendants' conduct, plaintiff was compelled to return to court on numerous occasions until on March 12, 2024, all charges against plaintiff were dismissed and sealed.

24. Defendants MOTT and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, and otherwise participated in the aforementioned misconduct.

25. All of the above occurred as a direct result of the unconstitutional policies, customs, or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees; and pursuant to customs or practices of NYPD officers employing excessive force.

26. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force.

27. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

28. Moreover, upon information and belief, defendant CITY OF NEW YORK was

aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

29. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff JONATHAN SHARROCK of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33. As a result of the foregoing, plaintiff JONATHAN SHARROCK sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendant officers arrested plaintiff JONATHAN SHARROCK without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

36. Defendant officers caused plaintiff JONATHAN SHARROCK to be falsely arrested and unlawfully imprisoned.

37. As a result of the foregoing, plaintiff JONATHAN SHARROCK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. The level of force employed by defendant officers was excessive, objectively unreasonable, and otherwise in violation of plaintiff JONATHAN SHARROCK's constitutional rights.

40. As a result of the aforementioned conduct of the defendant officers, plaintiff JONATHAN SHARROCK was subjected to excessive force and sustained serious physical injuries and emotional distress.

41. As a result of the foregoing, plaintiff JONATHAN SHARROCK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THRID CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants initiated, commenced, and continued a malicious prosecution against plaintiff JONATHAN SHARROCK.

44. Defendants caused plaintiff JONATHAN SHARROCK to be prosecuted without any probable cause until the charges were dismissed.

45. As a result of the foregoing, plaintiff JONATHAN SHARROCK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendant officers created false evidence against plaintiff JONATHAN SHARROCK.

48. Defendants utilized this false evidence against plaintiff JONATHAN SHARROCK in legal proceedings.

49. As a result of defendants' creation and use of false evidence, which defendants conveyed to the Staten Island County District Attorney's Office plaintiff JONATHAN SHARROCK suffered a violation of his constitutional rights to a fair trial, as guaranteed by the

United States Constitution.

50. As a result of the foregoing, plaintiff JONATHAN SHARROCK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants had an affirmative duty to intervene on behalf of plaintiff JONATHAN SHARROCK, whose constitutional rights were being violated in their presence by other officers.

53. The defendants failed to intervene to prevent the unlawful conduct described herein.

54. As a result of the foregoing, plaintiff JONATHAN SHARROCK was falsely arrested, subjected to excessive force, he was denied his right to a fair trial, and he was put in fear of his safety.

55. As a result of the foregoing, plaintiff JONATHAN SHARROCK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

58. As a result of the foregoing, plaintiff JONATHAN SHARROCK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

61. The aforementioned customs, policies, usages, practices, procedures, and rules of the City of New York Police Department included, but were not limited to, excessive force. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff JONATHAN SHARROCK's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its

officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff JONATHAN SHARROCK.

63. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JONATHAN SHARROCK as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JONATHAN SHARROCK as alleged herein.

65. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JONATHAN SHARROCK was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

66. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JONATHAN SHARROCK' constitutional rights.

67. All of the foregoing acts by defendants deprived plaintiff JONATHAN SHARROCK of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest/unlawful imprisonment;

  B. To be free from excessive force;

  C. To be free from malicious prosecution;

  D. To receive a fair trial; and

  E. To be free from the failure to intervene.

68. As a result of the foregoing, plaintiff JONATHAN SHARROCK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to, and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

71. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

72. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

73. Plaintiff has complied with all conditions precedent to maintaining the instant action.

74. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Malicious Prosecution under the laws of the State of New York)

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. The defendant officers initiated, commenced, and continued a malicious prosecution against plaintiff JONATHAN SHARROCK.

77. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

78. Defendants caused plaintiff JONATHAN SHARROCK to be prosecuted without probable cause until the charges were dismissed.

79. As a result of the foregoing, plaintiff JONATHAN SHARROCK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered and manufactured evidence against plaintiff JONATHAN SHARROCK.

82. Defendant CITY OF NEW YORK knew or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct

heretofore alleged in this Complaint.

83. As a result of the foregoing, plaintiff JONATHAN SHARROCK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

84. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff, maliciously issued criminal process to plaintiff, and who deprived plaintiff of his right to a fair trial.

86. As a result of the foregoing, plaintiff JONATHAN SHARROCK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Plaintiff's injuries herein were caused by the carelessness, recklessness, and negligence of defendant CITY OF NEW YORK and its employee defendants, who were on duty

and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

89. Defendant City, as employer of defendants, is responsible for their negligent acts under the doctrine of *respondeat superior*.

90. As a result of the foregoing, plaintiff JONATHAN SHARROCK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Violation of N.Y.C. Administrative Code § 8-801 through 8-807)

91. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Plaintiff JONATHAN SHARROCK's rights to be free from false arrest, excessive force, denial of right to fair trial, and malicious prosecution were violated by the conduct of the defendants which was in violation of New York City Administrative Code § 8-801 through 8-807.

93. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

94. Qualified immunity is no defense to this claim.

95. As a result of the foregoing, plaintiff JONATHAN SHARROCK is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff JONATHAN SHARROCK demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
December 27, 2024

           BRETT H. KLEIN, ESQ., PLLC
           Attorneys for Plaintiff JONATHAN SHARROCK
           305 Broadway, Suite 600
           New York, New York 10007
           (212) 335-0132

By: *Brett Klein*
      BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

JONATHAN SHARROCK,

                               Plaintiff,

   -against-                                                    Index No.:

CITY OF NEW YORK, CHRISTOPHER MOTT,
Individually, and JOHN and JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true names
are presently unknown),

                               Defendants.

------------------------------------------------------------------------------X

## COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132