UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

| | | |
|---|---|---|
| JONATHAN SHARROCK, | | **ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND MOTT** |
| | plaintiff, | |
| -against- | | |
| THE CITY OF NEW YORK, ET AL., | | **JURY TRIAL DEMANDED** |
| | Defendants. | 24-CV-8873 (CBA) (LB) |

------------------------------------------------------------------------ X

      Defendants the City of New York and Police Officer Christopher Mott (hereinafter "defendants") by their attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, as and for their answer to the complaint, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring the instant action and seeks relief as stated therein.

2. Deny the allegations set forth in paragraph "2" of the complaint are not statements of fact to which a response is required.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke jurisdiction as stated therein.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke venue as stated therein.

5. State that the allegations set forth in paragraph "5" of the complaint are not statement of fact to which a response is required.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that arrest paperwork with plaintiff's name contains the date of birth July 15, 1989.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that police officers by the names Christopher Mott, Joseph Lamedica, Sean Kennedy, Alex Weine, Joshua Rios, Robert Puckey, and Raul Gabriel were employed by the New York City Police Department on September 30, 2023 and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to unidentified officers.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint and otherwise deny knowledge of information sufficient to form a belief as to the truth of the allegations as they pertain to unidentified officers.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff was present on or about said location, including within an active crime scene during a shooting investigation.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff, at various points, claimed that an unspecified vehicle was his vehicle.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff eventually was arrested after receiving numerous warnings to disperse from the active crime scene.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that officers Rios and Gabriel were on scene at some point.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that EMS transported plaintiff to Jamaica Hospital Medical Center at least once.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff returned to Court.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraphs "1-33" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraphs "37" of the complaint.

38. In response to the allegations set forth in paragraphs "1-37" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

39. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "39" of the complaint.

40. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "40" of the complaint.

41. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraphs "1-41" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraphs "1-45" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraphs "1-50" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. In response to the allegations set forth in paragraphs "1-55" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. In response to the allegations set forth in paragraphs "1-58" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" and all subparts of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. In response to the allegations set forth in paragraphs "1-68" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the complaint, except admit that a document purporting to be a Notice of Claim for Claim No. 2024PI000114 was filed on January 2, 2024.

71. Deny the allegations set forth in paragraph "71" of the complaint, except admit that no settlement has been reached in relation to this claim.

72. Deny the allegations set forth in paragraphs "72" of the complaint, except admit that this complaint was purportedly served on January 16, 2025.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraphs "1-74" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. In response to the allegations set forth in paragraphs "1-79" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraphs "83" of the complaint.

84. In response to the allegations set forth in paragraphs "1-83" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraphs "86" of the complaint.

87. In response to the allegations set forth in paragraphs "1-86" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. In response to the allegations set forth in paragraphs "1-90" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

96. The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

97. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any acts of the defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

98. Defendant Mott has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

### AND FOR A FOURTH AFFIRMATIVE DEFENSE:

99. Defendant Mott has not violated any rights, privileges, or immunities under the Constitution of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any acts of Congress providing for the protection of civil rights.

## AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE:

100. There was probable cause for plaintiff's detention, arrest, and subsequent prosecution.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

101. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

102. Punitive damages are not recoverable against the City of New York.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

103. Plaintiff provoked any incident.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

104. To the extent any force was used, such force was reasonable and necessary under the circumstances.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

105. Plaintiff has failed to mitigate his alleged damages.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

106. Plaintiff has failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

**WHEREFORE,** defendants City and Mott request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 27, 2025

        MURIEL GOODE-TRUFANT
        Corporation Counsel of the
            City of New York
        *Attorney for Defendants*
        100 Church Street, Room 3-146
        New York, New York 10007
        Phone: (212) 356-2105

By:   */s/ Adam Bevelacqua*
       ADAM BEVELACQUA
       *Senior Counsel*
       Special Federal Litigation Division

**BY ECF**
cc:   *All counsel of record*